UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ALEX JENNINGS III,                    )          NO. EDCV 15-1185-GW (AGR)
                    Petitioner,        )
                                       )
            v.                         )
                                       )          ORDER TO SHOW CAUSE
K. SANTORO, Warden,                    )
                    Respondent.        )
                                       )
_____)

     Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

     The court therefore orders Petitioner to show cause on or before ***July 23, 2015*** why the court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

# I.

## PROCEDURAL BACKGROUND

In 2012, a Riverside County jury convicted Petitioner of attempted premeditated murder and assault with a deadly weapon. The jury also found that he committed the crimes for the benefit of or at the direction of a street gang. (Petition at 2.) Petitioner was sentenced to 34 years to life. (*Id.*)

On December 10, 1993, the California Court of Appeal reversed the gang enhancement but otherwise affirmed the judgment. (Petition at 3); *People v. Jennings*, 2013 WL 6479851, *20 (2013). On March 12, 2014, the California Supreme Court denied review. (Petition at 3.) Petitioner did not file any habeas petitions in California. (*Id.*)

On June 11, 2015, Petitioner constructive filed the instant petition in this court. (Petition, Back of envelope.)

# II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

**A.     The Date on Which Conviction Became Final – § 2244(d)(1)(A)**

Petitioner's conviction became final on June 10, 2014, 90 days after the California Supreme Court denied review on March 12, 2014. *See Bowen v. Roe*,

1    188 F.3d 1157, 1159 (9th Cir. 1999).  The statute of limitations expired on June

2    10, 2015.

3           Absent tolling, the petition is late by one day.

4                  **1.     Statutory Tolling**

5           The statute of limitations is tolled during the time "a properly filed

6    application for State post-conviction or other collateral review with respect to the

7    pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Petitioner is not

8    entitled to statutory tolling as he did not file any habeas petitions in California.

9                  **2.     Equitable Tolling**

10          "[T]he timeliness provision in the federal habeas corpus statute is subject to

11   equitable tolling."  *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130

12   (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he

13   has been pursuing his rights diligently, and (2) that some extraordinary

14   circumstance stood in his way' and prevented timely filing."  *Id.* at 2562 (quoting

15   *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669

16   (2005)).  "The diligence required for equitable tolling purposes is "reasonable

17   diligence," not "maximum feasible diligence."  *Id.* at 2565 (citations and quotation

18   marks omitted).  The extraordinary circumstances must have been the cause of

19   an untimely filing.  *Pace*, 544 U.S. at 418.  "[E]quitable tolling is available for this

20   reason only when '"extraordinary circumstances beyond a prisoner's control

21   make it *impossible* to file a petition on time"' and '"the extraordinary

22   circumstances" were the *cause* of [the prisoner's] untimeliness.'"  *Bills v. Clark*,

23   628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

24          There is no indication in the petition that Petitioner is entitled to equitable

25   tolling.

26          **B.     Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)**

27          In the context of an ineffective assistance claim, the statute of limitations

28   may start to run on the date a petitioner discovered (or could have discovered)

3

the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice, whichever is later.  *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001).  Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  The statute starts to run when the petitioner knows or through diligence could discover the important facts, not when the petitioner recognizes their legal significance.  *Hasan*, 254 F.3d at 1154 n.3.

Petitioner alleges his trial counsel was ineffective, but the factual bases for Petitioner's claim were known by him at the latest before he was sentenced.  (*See* Petition at 10, 20.)  Therefore, the date of discovery with respect to trial counsel does not assist Petitioner.[1]

Petitioner also alleges his counsel was ineffective on direct appeal.  (Petition at 24.)  At the latest, Petitioner was aware of appellate counsel's alleged ineffectiveness when the California Court of Appeal issued its decision on December 10, 2013.  Therefore, the date of discovery with respect to appellate counsel does not assist Petitioner.[2]

**III.**

**ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that on or before ***July 23, 2015*** Petitioner shall show cause why the court should not recommend dismissal of the petition based on expiration of the one-year statute of limitations.

---

[1] Petitioner concedes his claim of ineffective assistance of trial counsel is unexhausted.  (Petition at 13 & 20 *et seq.*)

[2] Petitioner concedes that his claim of ineffective assistance of appellate counsel is unexhausted.  (Petition at 20, 24.)

**If Petitioner fails to respond to this order to show cause by July 23, 2015, the court will recommend that the petition be dismissed with prejudice**

**based on expiration of the one-year statute of limitations.**

DATED:  June 23, 2015

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

5